HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMIEL KANDI, | No. cv16-5389RBL |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

THIS MATTER IS BEFORE THE Court on Petitioner Emiel Kandi's Motion to Vacate or Set Aside his sentence under 28 U.S.C. § 2255 [Dkt. #1]. Kandi pled guilty to Conspiracy to Make False Statements to HUD and Making False Statements in a Loan Application. Kandi argues that his plea was involuntary and that his counsel was unconstitutionally deficient. Kandi also seeks to amend his original petition to include an additional ineffective assistance of counsel claim, based on counsel's alleged failure to pursue discovery of classified materials under the Classified Information Procedures Act (CIPA). **[Dkt. #16]**. That Motion is **GRANTED**.

A petitioner must make a §2255 motion within one year of entry of final judgment. 28 U.S.C. § 2255 (f)(1). A prisoner is entitled to relief under a § 2255 motion if "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (a). Kandi's claims are time-barred and meritless.

Kandi's judgment was entered on October 22, 2014 and became final fourteen days later, on November 5, 2014. *United States v. Kandi*, 13-05369, Dkt. #51 (W.D. Wash. Oct. 22, 2014);

Order - 1

*See*, *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Kandi had until November 5, 2015 to file a § 2255 motion. He did not file the instant motion until May 23, 2016. [Dkt. #1]. The motion to amend his petition was not filed until October 18, 2016.

Kandi contends that the one-year limitations period should be equitably tolled. He bears the burden of showing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented him from filing a timely petition. *United States v. Gilbert*, 807 F.3d 1197, 1202 (9th Cir. 2015). Kandi fails to present any evidence that he diligently pursued his rights, and he fails to demonstrate (or even claim) that any extraordinary circumstance prevented him from timely filing. There is no basis for equitably tolling the time to review his motion. Therefore, his petition is time-barred, and it is **DENIED** on that basis.

Kandi's claims of an involuntary plea and ineffective assistance of counsel also fail on the merits. Kandi claims his plea was involuntary because he was coerced into pleading guilty by his attorney. [Dkt. #1 at 3]. The only support offered for his claim is an allegation that his attorney told him to plead guilty because "you have no other choice." [Dkt. #1 at 26]. Even taken as true, advising a client to plead guilty is not coercion. Kandi was appropriately questioned during the plea colloquy where the court found he gave his plea knowingly and voluntarily. The government correctly points out that Kandi's own statements from his § 2255 motion undermine his claims of an involuntary plea. [Dkt. #6 at 11]. He has provided no meaningful evidence that his plea was involuntary.

Kandi claims his counsel was ineffective for (1) failing to move to recuse the district judge, (2) failing to object to sentencing guidelines, and (3) failing to object to post-conviction release conditions. An ineffective assistance of counsel claim must show that counsel's performance was unreasonably deficient, and prejudice resulting from any deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Counsel was not unreasonable for failing to move to recuse the district judge. The motion would have been denied because there were no facts to show that a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012).

It was not unreasonable for defense counsel to fail to object to the sentencing guidelines used, because he had no basis on which to object. The guidelines referenced at sentencing were derived from Kandi's admissions in the plea agreement.

Counsel was not deficient for failing to object to Kandi's post-conviction release conditions. The Court imposed standard conditions (limitations on the possession of a firearm, restrictions on the use of controlled substances, and the requirement that any self-employment be approved by the Probation Office). [Dkt. #1 at 22-29]. The conditions are common to federal fraud cases and counsel did not act unreasonably in not objecting to them.

Instead, Kandi's counsel successfully argued for a sentence of 60 months rather than the high-end 78-month sentence sought by the government. [CR 50-51]. Kandi has not substantially shown that his plea was involuntary or that he received ineffective assistance of counsel. Kandi's § 2255 motion is **DENIED** on these bases as well.

Kandi's amended petition does not change this outcome. Kandi claims FBI investigators questioned him about potential connections to terrorist organizations and financing. He then appears to assert an ineffective assistance claim against counsel for "ignoring the required CIPA procedures" and allowing classified evidence obtained through electronic surveillance to be presented to the grand jury. [Dkt. #16 at 2]. It is difficult to decipher the thrust of Kandi's claim. He makes a number of unsupported accusations against a myriad of government agencies, AT&T, and others; none of which support a claim of ineffective assistance of counsel, and none of which actually seem to relate to the crimes to which he pled guilty. Kandi's amended petition is also **DENIED,** because it is untimely and fails to state a valid ground for relief.

Kandi moves for a sentencing modification under 18 U.S.C. § 3582(c)(2), claiming the "sophisticated means" sentencing enhancement no longer applies to his crimes, due to U.S. Sentencing Guidelines amendment 792, ratified in 2015. [Dkt. #3 at 11]. The amended guideline requires a two-level increase if "the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." USSG § 2B1.1(b)(10)(C) (Nov. 2015). Guideline amendments with a potential basis for sentence modification are enumerated in U.S.S.G. § 1B1.10. As the government correctly notes,

amendment 792 is not listed, therefore a sentence reduction is not authorized. [Dkt. #6 at 16]. Therefore, his motion for sentencing modification under § 3582 is **DENIED**.

Kandi also requests the common law writs of *audita querela* and *quo warranto*. A writ of *audita querela* is a common law writ used to fill in the gaps of post-conviction relief. Black's Law Dictionary (10th ed. 2014). The writ is unavailable when the defendant may seek redress under § 2255. It cannot be used to bypass valid statutory limits on collateral relief, such as a time bar. *See Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007). Kandi attempts to use the writ to circumvent the time bar on his § 2255 claim for ineffective assistance of counsel. Therefore, his improper request for a writ of *audita querela* is **DENIED**.

A writ of *quo warranto* is a common law writ used to inquire into the authority by which a public office is held or a franchise is claimed. Black's Law Dictionary (10th ed. 2014). Kandi presumably seeks this writ to determine if his counsel was qualified to be on the CJA panel. [Dkt. #1 at 40-41]. Because he fails to even remotely suggest a statutory ground for a writ of *quo warranto*, his request is **DENIED**.

Finally, Kandi asks the Court to enjoin the U.S. Attorney's Office from sending his legal correspondence to other inmates. [Dkt. 15 at 2]. The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council Inc.*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008).

Kandi claims one letter was misaddressed to another inmate at the same correctional facility. Kandi's claim that another inmate received a piece of his mail does not meet the TRO standard. Kandi's request for a TRO is **DENIED**.

Under 28 U.S.C. § 2253, a court may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Kandi has not met this standard, because all of his claims are without merit. The Court **DECLINES** to issue a Certificate of Appealability.

IT IS SO ORDERED.

Dated this 27th day of October, 2016.

Ronald B. Leighton
United States District Judge